```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                  )
INTELYTICS INC.,                  )
                                  )
            Plaintiff,            )
     v.                           )    C.A. No. 12-636 S
                                  )
MODIV MEDIA, INC. and CATALINA    )
MARKETING CORPORATION,            )
                                  )
            Defendants.           )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

On March 6, 2013, Plaintiff Intelytics Inc. filed a motion to strike and/or dismiss various portions of Defendants Modiv Media, Inc. and Catalina Marketing Corporation's Answer. (ECF No. 15.) In the alternative, Plaintiff moved for a more definite statement. (Id.) The Court heard arguments on May 6, 2013, and gave a partial ruling from the bench. Specifically, the Court struck Defendants' fifth, sixth, and eighth affirmative defenses (the former two without prejudice) and paragraphs seven and eight of Defendants' counterclaim. The remaining issues were taken under advisement, and the Court now rules as follows:

- Plaintiff's motion to strike paragraphs eleven, twelve, fourteen, nineteen, twenty, and twenty-two of

Defendants' Answer is DENIED. Both parties rely on the Supreme Court's decision in <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 124 (2007), which, Plaintiff concedes, found that the use of the phrase "any valid claim" is acceptable if, when read in the context of the entire pleading, the phrase's meaning is clear. That is the situation presented here. A full and fair reading of Defendants' Answer – including the affirmative defenses and counterclaims – makes Defendants' intent obvious. As in <u>MedImmune</u>, Defendants are arguing that the '889 Patent is invalid, but even if the Patent or any part of it is deemed valid, Defendants did not infringe it.

- Plaintiff's motion to strike Defendants' second affirmative defense for non-infringement is DENIED. As just explained, Defendants' use of "any valid claim" has a clear and obvious meaning when read in context. This is especially true considering the affirmative defense is labeled "Non-Infringement" and the third affirmative defense located on the same page is entitled "Invalidity."

- Plaintiff's motion to strike Defendants' third affirmative defense for invalidity is DENIED. Plaintiff cites to a number of cases which find that simply

asserting invalidity and basing that assertion on multiple statutes, all in the disjunctive, is insufficient.  See, e.g., Ferring B.V. v. Wastson Labs., Inc., Nos. 3:11-cv-00481-RCJ-VPC, 3:11-cv-00485-RCJ-VPC, 3:11-cv-00853-RCJ-VPC, 3:11-cv-00854-RCJ-VPC, 2012 WL 607539, at *3 (D. Nev. Feb. 24, 2012); TecSec, Inc. v. Protegrity, Inc., No. CIVA2:01CV233, 2001 WL 802064, at *2 (E.D. Va. June 27, 2001).  Defendants, however, do more than this.  In addition to listing the applicable statutes, the third affirmative defense provides a patent and four United States Patent Publications as support for the invalidity defense.  This satisfies the requirement of Rule 8(c) of the Federal Rules of Civil Procedure that affirmative defenses be "affirmatively state[d]."  Fed. R. Civ. P. 8(c).  Plaintiff is sufficiently on notice.

- Plaintiff's motion to strike Defendants' fourth affirmative defense for waiver, estoppel, and laches is DENIED.  Defendants have "affirmatively state[d] any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  Indeed, Plaintiff admitted that the issue is not that Defendants do not put any allegations or factual support into the defense, but rather that what they do state does not add up to laches or any sort of waiver.

This argument, however, goes to whether the affirmative defense will be successful and not whether it is properly pleaded.  Plaintiff may be entirely correct and Defendants may end up dropping this defense after discovery.  But at this stage of the proceedings, the level of detail and proof Plaintiff seeks is not required.

- Plaintiff's motion to dismiss Defendants' first counterclaim for a declaratory judgment of invalidity is DENIED.  Similar to its argument regarding the third affirmative defense, Plaintiff contends that by listing numerous statutes, the counterclaim is "wholly conclusory."  The argument fails here as well.  Unlike the cases cited by Plaintiff, where the counterclaims <u>only</u> list the relevant statutory provisions, Defendants' counterclaim also adds the following clause:  "because, for example, they are anticipated or rendered obvious at least by U.S. Patent No. 6,014,638 and U.S. Patent Publication Nos.  2002/0178091,  2004/0181466, 2004/0249717, and 2006/0143067 and/or other art, either alone or in combination." This added phrase provides the necessary factual support for Defendants' claim of invalidity, readily distinguishes Defendants' counterclaim from the cited cases, and satisfies Rule

4

8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).[1]

- Plaintiff's motion to dismiss Defendants' second counterclaim for a declaratory judgment of non-infringement is GRANTED without prejudice to Defendants. The '889 Patent is publicly available and is attached to the Complaint. Defendants, as inventors of the allegedly-infringing product, are in as good of a position as anybody, if not in a better position, to evaluate whether or not they are infringing upon the '889 Patent. The determinative information regarding infringement, therefore, is not solely within Plaintiff's possession, and thus the use of "on information and belief" is inappropriate. See, e.g., Menard v. CSX Transp., Inc., 698 F.3d 40, 44 (1st Cir. 2012); Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994). Defendants' argument that they used the phrase because they were uncertain what Plaintiff was basing its claim on is not persuasive.

---

[1] The parties dispute whether the heightened pleading standard announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies to patent counterclaims. The Court need not decide this issue because the counterclaim as pleaded provides sufficient facts to meet Twombly and Iqbal's plausibility requirement.

5

For Defendants' non-infringement counterclaim to pass muster under Rule 8, Defendants cannot merely speculate but must provide some factual support for their position that they are not infringing on the Patent.[2]

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  May 16, 2013

---

[2] Plaintiff also challenges the validity of this counterclaim due to the use of the phrase "any valid claim." The Court rejects that argument for the same reasons already discussed in the answer and affirmative defense contexts.

6